**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 52637, 52638, & 52639**

| | |
|---|---|
| STATE OF IDAHO,<br><br>　　　　Plaintiff-Respondent,<br><br>v.<br><br>JAYMES WILLIAM HYDER,<br><br>　　　　Defendant-Appellant. | ）<br>）　**Filed:  March 3, 2026**<br>）<br>）　**Melanie Gagnepain, Clerk**<br>）<br>）<br>）　**THIS IS AN UNPUBLISHED**<br>）　**OPINION AND SHALL NOT**<br>）　**BE CITED AS AUTHORITY**<br>）<br>）<br>） |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County.  Hon. Susie Jensen, District Judge.

Judgments of conviction and aggregate sentence of twenty-five years, with a minimum period of incarceration of ten years, for two counts of attempted strangulation and one count of felony domestic battery with traumatic injury, felony malicious injury to property, first-degree stalking, burglary, and felony injury to a child, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

This appeal involves three consolidated cases.  Pursuant to a global plea agreement, Jaymes William Hyder pleaded guilty to two counts of attempted strangulation, Idaho Code § 18-923, and felony domestic battery with traumatic injury, I.C. § 18-918(2)(a), in Docket No. 52637; felony malicious injury to property, I.C. § 18-7001(2)(a), first-degree stalking, I.C. § 18-7905, and burglary, I.C. § 18-1401, in Docket No. 52638; and an amended charge of felony injury to a child, I.C. § 18-1501, in Docket No. 52639.  As part of the plea agreement, the State agreed to dismiss additional charges and not file charges arising from a separate incident.  In Docket No. 52637, the

1

district court imposed an aggregate sentence of sentence of fifteen years, with a minimum period of incarceration of five years. In Docket No. 52638, the district court imposed an aggregate sentence of ten years, with a minimum period of incarceration of five years, to run concurrently with the sentence in Docket No. 52637. In Docket No. 52639, the district court imposed a unified sentence of ten years, with a minimum period of incarceration of five years, to run consecutively to the sentences in Docket Nos. 52637 and 52628.[1] Hyder appeals, contending his sentences are excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in these cases, we cannot say that the district court abused its discretion. Therefore, Hyder's judgments of conviction and sentences are affirmed.

---

[1] Hyder filed an Idaho Criminal Rule 35 motion in Docket No. 52639, which the district court denied. Hyder does not challenge the dismissal of his I.C.R. 35 motion on appeal.